**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

EWAY Trading (Hangzhou) Co., Ltd.,

   Plaintiff,

  v.

Codi  and IASEAHK,

   Defendants.

Case No. _____

**COMPLAINT**

Plaintiff EWAY Trading (Hangzhou) Co., Ltd. ("Plaintiff") hereby brings the present

action against Codi  and IASEAHK ("Codi" and "IASEAHK", respectively and "Defendants"

collectively), and alleges the following:

## I.  THE NATURE OF THIS ACTION

1.  Plaintiff brings this action against Defendants pursuant to 35 U.S.C. §101 et.

seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of the claims of U.S.

Design Patent No. D1,088,629 S ("the 'D629 Patent" **Exhibit 1**), entitled "Cushion", issued

to Jiangguo Wu on August 19, 2025 and assigned to the Plaintiff on September 26, 2023

(**Exhibit 2**).

## II. JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over Plaintiff's claims

pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b)

(exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question

jurisdiction).

3.  This Court has personal jurisdiction over these non-U.S. based Defendants

because they have supplied the infringing products into commerce in the United States and

this district and under the Federal Long Arm Rule, FRCP 4(k)(2):

> 4(k) Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.*
> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> A. the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> B. exercising jurisdiction is consistent with the United States Constitution and laws.

4. This Court can also properly exercise personal jurisdiction over Defendants because Defendants structure their business activities to target consumers in the United States, including those in the State of Illinois, through at least the fully interactive e-commerce stores identified as Codi and IASEAHK. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and offer to sell and have sold products which infringe Plaintiff's patented design, as described below to purchasers residing in Illinois and in this judicial district (**Exhibit 3**). Each of the Defendants committed tortious acts in Illinois, is engaged in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois and in this judicial district.

5. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against a non-U.S. based Defendant as well as any judicial district in any state to which it is subject to personal jurisdiction. Moreover, all infringing products sold by the Defendants have been offered for sale to residents of this judicial district.

### III. INTRODUCTION

6.      Plaintiff is business incorporated in the P.R. China with a principal place of business at Room 327, Floor 3, Building 9, No. 588 Feijiatang Road, Gongshu District, Hangzhou, Zhejiang, P.R. China and is the sole owner of the 'D629 Patent.

7.      The 'D629 Patent discloses and claims a new ornamental design for a cushion as shown below:



8.      The 'D629 Patent is valid and enforceable and is entitled to a presumption of validity under 35 U.S.C. § 282.

9.      Plaintiff  designs, manufactures, markets, and sells a variety of cushion products that embody the 'D629 Patent (collectively, "Plaintiff's Products"), exclusively direct-to-consumer through various online marketplaces, including https://www.amazon.com/dp/BOC6 l CHMK4/? th=l at one point.

10.      On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores to sell infringing cushion products and engage in business in Illinois but have not appointed an agent for service of process.

11.      On information and belief, Defendants target their business activities toward consumers throughout the United States, including those in Illinois and within this District, through the simultaneous operation of commercial internet-based e-commerce stores like Amazon.com ("Amazon").

12.     The product actually sold by IASEAHK is identical or substantially identical to the claimed design in the 'D629 patent (see direct comparison in the table below).

| The 'D629 Patent Claim | Product Sold By IASEAHK (B0DJK1D9VL) (**Exhibit 3**) |
|---|---|
|  | |

13.     Both the design claimed in the 'D629 patent and the infringing product of IASEAHK (i) contain identical curvatures of the top-face edges of the cushions, (ii) have three identical tiers to the cushions in the side profiles, (iii) have four identical indentations as seen in the isometric views on the cushions, and (iv) have high similarity as a whole.

14.     The cushion of IASEAHK infringes the claim of the 'D629 patent because "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same," such that the resemblance would deceive the observer into "purchas[ing] one supposing it to be the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)).

15.     On information and belief, IASEAHK has altered certain Amazon product

listings to display what appears to be images of alternative products, while continuing to ship products that infringe on the 'D629 patent (see table below for direct comparison).

| Product Advertised by IASEAHK (BoDJJYZY7C) (**Exhibit 4**) | Infringing Product Sold by IASEAHK (Customer Review on 06/02/2025) (**Exhibit 5**) |
|---|---|
|  | |

16.    Similarly, the cushion product from Codi also infringes the claim of the 'D629 patent (see direct comparison in the table below).

| The 'D629 Patent Claim | Infringing Product Sold by Codi (**Exhibit 6**) |
|---|---|
|  | |

**COUNT I**
**PATENT INFRINGEMENT OF THE 'D629 PATENT (15 U.S.C. § 271)**

17.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18.    Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing cushions without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the 'D629 Patent.

19.    As shown in Paragraphs 8 and 12, the products being sold by Defendants incorporate each of the design elements claimed in the 'D629 Patent so as to cause an ordinary observer and purchaser to confuse these counterfeit products for those made, offered for sale, and sold by Plaintiff under the 'D629 Patent. Accordingly, each of the Defendants infringes upon the 'D629 Patent.

20.    As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined.

21.    Defendants' infringement of the 'D629 Patent in connection with the offering to sell, selling, or importing of products that infringe the 'D629 Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff.

22.    Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design as well as the lost sales and loss of repeat sales stemming from the infringing acts.

23.    Defendants' infringement has been and continues to be willful. Accordingly,

Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

24.     Plaintiff is also entitled to injunctive relief pursuant to 35 U.S.C. § 283 to stop their continued infringement of the D743 Patent.

25.     Plaintiff is entitled to recover all damages allowable under the patent laws, including those damages adequate to compensate for the infringement, pursuant to 35 U.S.C. §§ 284 and 289, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon U.S. Design Patent No. D 1,088,629 S;

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon U.S. Design Patent No. D 1,088,629 S; and

2)     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe U.S. Design Patent No. D 1,088,629 S.

3)     That Judgment be entered against Defendants finding that they have infringed upon U.S. Design Patent No. D 1,088,629 S.

4)    That Judgment be entered against Defendants finding that infringement of U.S. Design Patent No. D 1,088,629 S has been willful.

5)    That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other damages as appropriate under 35 U.S.C. § 284, together with interests and costs.

6)    That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of U.S. Design Patent No. D 1,088,629 S.

7)    A finding that this case is exceptional under 35 U.S.C. § 285.

8)    That Plaintiff be awarded its reasonable attorneys' fees and costs.

9)    Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 19, 2026                    Respectfully submitted,

                                            /s/Lance Liu
                                            Lance Y. Liu, Esq.
                                            Bar No. 3002946
                                            Lanceliu2000@gmail.com
                                            15 Minuteman Circle
                                            Southbury, CT 06488